## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF
## ILLINOIS EASTERN DIVISION

| | |
|---|---|
| **DANNY ORLICK**, Individually and on Behalf of All Others Similarly Situated, | ) **N<u>o</u>.** |
| Plaintiffs, | ) Honorable Judge |
| v. | ) Magistrate Judge |
| **TURTLE WAX, INC.,** and **TURTLE WAX AUTO APPEARANCE CENTERS II, L.L.C.,** d/b/a "Turtle Wax Car Wash," | ) ***JURY DEMAND*** <br> ) ***F.R.C.P. 23 CLASS ACTION DEMAND*** |
| Defendants. | ) |

## **COMPLAINT**

NOW COMES **DANNY ORLICK**, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, by and through his attorneys, JTB LAW GROUP LLC and CHEN KASHER, and for his Complaint against Defendants **TURTLE WAX, INC.**, and **TURTLE WAX and AUTO APPEARANCE CENTERS II, L.L.C.,** states as follows:

**I.     NATURE OF ACTION**

1.     This action is brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.,* the Portal-to-Portal Act, 29 U.S.C. §251 *et seq.,* the Illinois Minimum Wage Law ("IMWL"), 820 Ill. Comp. Stat. §105/1 *et seq.*, and the Illinois Wage Payment and Collection Act, 820 Ill. Comp. Stat. §115/1 *et seq.*

2.     Plaintiff, individually and on behalf of all others similarly situated hourly tipped employees, brings this action because there were weeks in which Plaintiff did not receive enough tips in addition to his $5.00 hourly wage to bring his total compensation from Defendants above the minimum wage prescribed by federal and state law. In these weeks, Defendants did not

satisfy their obligation to make up the difference between Plaintiff's compensation and the federal and Illinois minimum wage.

3. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed systematic and widespread violations of the above-described federal and state wage and hour statutes by maintaining a commonly applied policy and/or practice of failing to make up the difference between their hourly paid tipped employees' income and the federal and Illinois minimum wage.

## II.     JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, a federal statute.

5. As to claims under Illinois State law, this Court has supplemental subject matter jurisdiction pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the acts or omissions giving rise to this action occurred in this District.

## III.    THE PARTIES

7. Defendant **TURTLE WAX, INC.** is a business corporation organized and existing under the laws of the State of Illinois.

8. Defendant **TURTLE WAX AUTO APPEARANCE CENTERS II, L.L.C.** is a limited liability company organized and existing under the laws of the State of Delaware.

9. Defendants have their principle place of business at 625 Willowbrook Ct., Willowbrook, IL 60527.

10. Defendants are doing business as "Turtle Wax Car Wash," which operates at four locations:

    a. 252 S. Gary Ave., Bloomingdale, IL 60107;

    b. 6250 S. LaGrange Rd., Countryside, IL 60525;

    c. 161 Liberty Rd., Crystal Lake, IL 60014; and

    d. 9340 Skokie Blvd., Skokie, IL 60077.

11. Defendants are an enterprise engaged in commerce as defined by the FLSA.

12. Plaintiff, **DANNY ORLICK** (hereafter "Plaintiff" or "the named Plaintiff") is a resident of this judicial district.

13. Plaintiff is a current non-exempt employee of Defendants who performs work as a Line Attendant at Defendants' facility located in Countryside, IL.

14. All other unnamed Plaintiffs known and unknown (hereinafter referred to as "members of the Plaintiff Class" or "similarly situated Plaintiffs") are past or present non-exempt employees who work or worked for Defendants in the same or similar capacity as the named Plaintiff and who were compensated in the same or similar manner as the named Plaintiff.

15. As employees performing duties for an enterprise engaged in commerce, the named Plaintiff and all other members of the Plaintiff Class were also engaged in commerce as defined by the FLSA.

## IV. STATUTORY VIOLATIONS

### Collective Action under the Fair Labor Standards Act

16. Pursuant to the FLSA, 29 U.S.C. §216(b), Count I of this action is maintained by the named Plaintiff as an opt-in representative action, for and on behalf of himself and other Plaintiffs similarly situated, who have been or will in the future be damaged by Defendants' failure to comply with 29 U.S.C. §201 *et. seq*. and §251 *et. seq.* Count II alleges a willful violation of the FLSA and seeks an additional, third year of limitations. Count III seeks

liquidated damages under the Fair Labor Standards Act, Section 260. Plaintiff seeks to send Notice to all similarly situated employees as provided by 29 U.S.C. § 216(b) and supporting case law.

**Illinois Minimum Wage Law**

17. Pursuant to the IMWL, Count IV of this action is brought by the named Plaintiff as an opt-out class action pursuant to Rule 23 of the Federal Rules of Civil Procedure for and on behalf of all persons similarly situated. The class represented by Plaintiff consists of all persons who are or have in the three (3) years prior to the filing of this action been employed by Defendants as hourly paid tipped employees.

**Illinois Wage Payment and Collection Act**

18. Pursuant to the Illinois Wage Payment and Collection Act, 820 ILCS § 115/1 *et seq.*, Count V of this action is brought by the Plaintiff as an opt-out class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, for and on behalf of all persons similarly situated. The class represented by Plaintiff consists of all persons who are or have in the ten (10) years prior to the filing of this action been employed by Defendants as hourly paid tipped employees.

V.    **FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS**

19. Plaintiff repeats and re-alleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

20. At all times pertinent to the cause of action, Plaintiff and similarly situated members of the Plaintiff Class were hourly paid tipped employees of Defendants.

21. At all times pertinent to the cause of action, Plaintiff and similarly situated members of the Plaintiff Class received an hourly wage below the federal minimum wage.

4

liquidated damages under the Fair Labor Standards Act, Section 260. Plaintiff seeks to send Notice to all similarly situated employees as provided by 29 U.S.C. § 216(b) and supporting case law.

**Illinois Minimum Wage Law**

17. Pursuant to the IMWL, Count IV of this action is brought by the named Plaintiff as an opt-out class action pursuant to Rule 23 of the Federal Rules of Civil Procedure for and on behalf of all persons similarly situated. The class represented by Plaintiff consists of all persons who are or have in the three (3) years prior to the filing of this action been employed by Defendants as hourly paid tipped employees.

**Illinois Wage Payment and Collection Act**

18. Pursuant to the Illinois Wage Payment and Collection Act, 820 ILCS § 115/1 *et seq.*, Count V of this action is brought by the Plaintiff as an opt-out class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, for and on behalf of all persons similarly situated. The class represented by Plaintiff consists of all persons who are or have in the ten (10) years prior to the filing of this action been employed by Defendants as hourly paid tipped employees.

V.    **FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS**

19. Plaintiff repeats and re-alleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

20. At all times pertinent to the cause of action, Plaintiff and similarly situated members of the Plaintiff Class were hourly paid tipped employees of Defendants.

21. At all times pertinent to the cause of action, Plaintiff and similarly situated members of the Plaintiff Class received an hourly wage below the federal minimum wage.

22. At all times pertinent to the cause of action, Plaintiff and similarly situated members of the Plaintiff Class received tips.

23. At all times pertinent to the cause of action, Plaintiff and similarly situated members of the Plaintiff Class' total weekly compensation consisted of hourly wages and tips.

24. There were weeks in which Plaintiff and similarly situated members of the Plaintiff Class received an amount of total compensation below $7.25 per hour.

25. There were weeks in which Defendant's failed to make up the difference between Plaintiff's total compensation and $7.25 per hour.

26. Defendants had a common policy of failing to make up the difference between their hourly paid tipped employees' total weekly compensation and $7.25 per hour.

## VI. COLLECTIVE AND CLASS ALLEGATIONS

27. Plaintiff repeats and re-alleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

28. Plaintiff brings this action, individually and on behalf of all other similarly situated hourly employees, former and present, who were/are affected by Defendants' willful and intentional violation of the FLSA, IMWL, and IMWPA as described in this Complaint.

29. Plaintiff brings this collective action to recover monetary damages owed by Defendants to Plaintiff and the putative collective members for all unpaid wages.

30. Plaintiff brings this claim for relief for Defendants' willful violation of the FLSA, as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

31. The Hourly Paid Tipped Employee Collective Action members are defined as follows:

> **I.** **All current and former employees of Defendants who were/are employed as hourly paid tipped employees within the period from August 2011 through present, and who:**
>
> > **a)** **Were and/or are not paid at least the minimum wage; and/or**
> >
> > **b)** **Were and/or are not paid proper overtime compensation at a rate of time and a half (1.5) of their regular rates of pay for hours worked in a work week in excess of forty (40).**

32. Plaintiff brings this claim for relief for Defendants' willful violation of the IMWL as a class action pursuant to Fed R. Civ. Pro 23.

33. The Hourly Paid Tipped Employee IMWL Class is defined as follows:

> **I.** **All current and former employees of Defendants who were/are employed as hourly paid tipped employees in the State of Illinois within the period from August 2011 through present, and who:**
>
> > **a)** **Were and/or are not paid at least minimum wage; and/or**
> >
> > **b)** **Were and/or are not paid proper overtime compensation at a rate of time and a half (1.5) their regular rates of pay for hours worked in a work week in excess of forty (40).**

34. This action is properly brought as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

35. The Class is so numerous that joinder of all members is impractical. While the exact number and identities of Class members are unknown at this time, and can only be ascertained through appropriate discovery, Plaintiff believes at least forty (40) putative collective members have worked for Defendants during the applicable statutory period without receiving appropriate minimum wage compensation, as required by law.

36. This litigation is properly brought as a class action because of the existence of questions of fact and law common to the class which predominate over any questions affecting only individual members, including:

6

      a. Whether class members' total compensation in any week was less than $8.25 per hour.

      b. Whether Defendants failed to make up the difference between class members' total weekly compensation and $8.25 per hour.

37. This litigation is properly brought as a class action because Plaintiff's claims are typical of the claims of the members of the class, inasmuch as all such claims arise from Defendants' standard policies and/or practices, as alleged herein. Like all class members, Plaintiff was damaged by Defendants' common policy of failing to make up the difference between class members' total weekly compensation and $8.25 per hour.

38. Plaintiff has no interests antagonistic to the interests of the other members of the class. Plaintiff is committed to the vigorous prosecution of this action and has retained competent counsel experienced in class action litigation. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the class.

39. Class certification is a fair and efficient manner in which to resolve these disputes because prosecution of separate actions by individual Class members would create a risk of differing adjudications with respect to such individual members of the Class, which as a practical matter may be dispositive of the interests of other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

40. Plaintiff anticipates there will be no difficulty in the management of this litigation. This litigation presents statutory wage and hour claims of a type that have often been prosecuted on a class-wide basis, and the manner of identifying the Class and providing any monetary relief to it can easily be effectuated from a review of Defendants' records.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

41. Plaintiff repeats and re-alleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

42. Pursuant to the FLSA and the Portal-to-Portal Act, 29 U.S.C. §251 *et seq.*, the named Plaintiff, and all other Plaintiffs similarly situated, known and unknown, are entitled to compensation for all hours worked at the federal minimum wage, as well as a rate not less than one-half times their regular rate of pay for all hours worked in excess of forty (40) in any week during the two (2) years preceding the filing of this action.

43. Defendants have at all times relevant hereto failed and refused to pay compensation to their employees, including the named Plaintiff herein and all other Plaintiffs similarly situated, known and unknown, as described above.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) awarding back pay equal to the amount of all unpaid compensation for the two (2) years preceding the filing of this Complaint, according to the applicable statute of limitations;

(b) awarding prejudgment interest with respect to the total amount of unpaid compensation;

(c) awarding Plaintiff reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the Fair Labor Standards Act; and,

(d) for such additional relief as the Court deems appropriate under the circumstances.

## COUNT II
## WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

44. Plaintiff repeats and re-alleges all preceding paragraphs of the Complaint

inclusive, as if fully set forth herein.

45. Defendants' actions as complained of above were done with Defendants' knowledge that the compensation policies and practices at issue were in violation of the statutes alleged or with a reckless disregard for whether or not the policies and practices were in violation of those statutes.

46. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 et. seq., and the Portal-to-Portal Act, 29 U.S.C. §251 et. seq., the named Plaintiff, and all other Plaintiffs similarly situated, known and unknown, are entitled to compensation for all hours worked and compensation at the federal minimum wage rate, as well as a rate not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in any week during the three (3) years preceding the filing of this complaint.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) awarding back pay equal to the amount of all unpaid compensation for the three (3) years preceding the filing of this Complaint, according to the applicable statute of limitations;

(b) awarding prejudgment interest with respect to the total amount of unpaid compensation;

(c) awarding Plaintiff reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the Fair Labor Standards Act; and,

(d) for such additional relief as the Court deems appropriate under the circumstances.

## COUNT III
## LIQUIDATED DAMAGES
## UNDER THE FAIR LABOR STANDARDS ACT

47. Plaintiff repeats and re-alleges all preceding paragraphs of the Complaint

inclusive, as if fully set forth herein.

48. In denying the named Plaintiff and members of the Plaintiff Class compensation as described above, Defendants' acts were not based upon good faith or reasonable grounds.

49. The named Plaintiff and all other past and present employees similarly situated, known and unknown, are entitled to liquidated damages equal to the amount of unpaid compensation, pursuant to 29 U.S.C. § 260.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) awarding liquidated damages equal to the amount of all unpaid compensation;

(b) awarding Plaintiff reasonable attorneys' fees and costs incurred as a result of Defendants' violations of the Fair Labor Standards Act; and,

(c) for such additional relief as the Court deems appropriate under the circumstances.

## COUNT IV
## FRCP 23 CLASS ACTION
## SUPPLEMENTAL STATE LAW CLAIM
## VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

50. Plaintiff repeats and re-alleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

51. As described in the foregoing paragraphs, Defendants' compensation policies and practices are in violation of the Illinois Minimum Wage Law, 820 ILCS §115/1 *et. seq.*

52. During a portion or all of the relevant time at issue herein, the IMWL provided that an employer who fails to pay the required amount of wages due an employee under the law shall be liable to the underpaid employee or employees for the unpaid wages and for punitive damages in the amount of 2% of the amount of such underpayments for each month following the date such underpayments remain unpaid.

53. Defendants' failure to pay compensation as described above has been willful and/or in bad faith.

54. This action is properly brought as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) declaring and decreeing Defendants' compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the IMWL;

(b) awarding an amount of damages, to be shown by the evidence, to which Plaintiff and other members of the Plaintiff Class are entitled;

(c) allowing this Court to retain jurisdiction of the case until such time it is assured Defendants have remedied the compensation policies and practices complained of herein and are determined to be in full compliance with the law;

(d) directing Defendants to pay to Plaintiffs reasonable attorneys' fees, costs, and litigation expenses, as provided by statute; and

(e) for such additional relief the Court deems just and appropriate under the circumstances.

## COUNT V
## SUPPLEMENTAL STATE LAW CLAIM
## VIOLATION OF THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT

55. Plaintiff repeats and re-alleges all preceding paragraphs of the Complaint inclusive, as if fully set forth herein.

56. The Illinois Wage Payment and Collection Act, Section 2, defines wages as "any compensation owed to an employee by an employer pursuant to an employment contract or agreement between the 2 parties . . ."

57. At all times relevant there existed an agreement between Plaintiff, as well as members of the Plaintiff class, with Defendants that Defendants would comply in all

11

respects with pertinent state and federal wage and hour law. Defendants have breached that agreement in that Defendants' compensation policies violate wage and hour provisions of both state and federal law.

58. The Illinois Wage Payment and Collection Act, Section 4, provides that every employer shall pay "[a]ll wages earned by any employee during a semi-monthly or bi-weekly pay period shall be paid to such employee not later than 13 days after the end of the pay period in which such wages were earned."

59. Defendants' acts as complained of herein and described above, namely the continuing failure to pay the earned wages to Plaintiff and the Plaintiff class, constitute a violation of the Illinois Wage Payment and Collection Act.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order:

(a) declaring and decreeing Defendants' compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the Illinois Wage Payment and Collection Act;

(b) awarding an amount of damages, to be shown by the evidence, to which Plaintiff and other members of the Plaintiff Class are entitled;

(c) allowing this Court retain jurisdiction of the case until such time as it is assured that Defendants have remedied the compensation policies and practices complained of herein and are determined to be in full compliance with the law;

(d) directing Defendants to pay to Plaintiff reasonable attorneys' fees, costs, and litigation expenses, as provided by statute; and

(e) for such additional relief the Court deems just and appropriate under the circumstances.

Respectfully submitted,

*Electronically Filed 9/7/14*

/s/ Chen Kasher

_____

Chen Kasher
Attorney
11 Barton Drive
West Orange NJ 07052
(773) 853-3062
*chenkasher@gmail.com*


/s/ Jason T. Brown

_____

Jason T. Brown

JTB LAW GROUP, LLC
155 2nd Street, Suite 4
Jersey City, NJ 07302
((201) 630-0000 (office)
(855) 582-5297 (fax)
*jtb@jtblawgroup.com*

Attorneys for Plaintiff, and all other Plaintiffs similarly situated, known or unknown.